UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA    :

    :    **<u>ORDER</u>**

   -v.-                                      :

    :    09-CR-240 (CS)

BYRON MOUNTAIN,
                        Defendant.    :
------------------------------------------------------x

By letter from his counsel dated April 6, 2020, (Doc. 23), defendant Byron Mountain

seeks release on bail pending further proceedings in his violation of supervised release.

On April 12, 2010, I sentenced Defendant to 144 months' imprisonment, to be followed

by ten years' supervised release, for a crack conspiracy charge carrying a 60-month mandatory

minimum.  I am not sure when he was released, but he was re-arrested on October 2, 2019 and

later indicted for a crack conspiracy charge carrying a 120-month mandatory minimum (No. 19-

CR-700 (VB)).  That alleged offense constituted a violation of supervised release.

Defendant invokes 18 U.S.C. § 3145(b) for *de novo* review of a detention order, and 18

U.S.C. § 3142(i), which permits the temporary release of a detained person in the custody of a

United States marshal or other appropriate person, if the Court "determines such release to be

necessary for preparation of the person's defense or for another compelling reason."  The

"compelling reason" cited by defense counsel is that defendant is at risk of contracting COVID-

19.  In his lengthy submission, however, counsel does not provide any evidence other than that

Defendant is incarcerated at the Westchester County Jail in Valhalla, New York.  While the

Court recognizes that incarceration increases one's risk of contracting COVID-19, as does being

on aircraft carrier or in a nursing home, Defendant presents no evidence that he has any medical

condition that puts him at elevated risk of becoming seriously ill if he did contract the disease.

Nor does he suggest that the Westchester County Jail is not taking seriously its obligation to

protect its inmates to the extent possible.  Further, based on representations made by the

Government in other cases, it is not true that attorney visits have been ended or that inmates

cannot contact their counsel by phone or email.  And even if such measures were temporarily in

place during a public health emergency, they would hardly amount to a Sixth Amendment

violation.  Finally, Defendant has not suggested a responsible individual into whose custody he

could be released.  Thus, the Court finds defendant has not shown a reason, let alone a

compelling reason, why he should be released.

In any event, Section 3142 does not apply to a defendant who has been detained under

Rule 32.1(a)(6), which governs violations of supervised release.  Rule 32.1 incorporates 18

U.S.C. § 3143(a), which requires that Defendant be detained unless he can show by clear and

convincing evidence that he is not likely to flee or pose a danger to the community.  Given

defendant's prior conviction for narcotics trafficking, for which he was sentenced to a lengthy

prison term; the fact that there is strong evidence he recently committed the same crime that got

him locked up in the previous case (including, according to the new indictment, hand-to-hand

transactions); and the fact that he engaged in narcotics trafficking while under the supervision of

a probation officer of this Court, it is clear that defendant cannot be trusted to conduct himself in

a law-abiding manner if released, no matter what the conditions of release.  Indeed, his proposal

that he be released on his signature with a bracelet does not begin to carry his burden of showing

by clear and convincing evidence that he will not flee or pose a danger to another person or the

community.[1]

---

[1] I reach this conclusion based only on Defendant's application and the information I was able to glean from the docket sheets in Defendant's two federal cases.  I am not able to access my own file or many of the documents from Defendant's 2009 case, as they are not electronically linked to the docket.

Defendant's application for release on bail is DENIED. In addition, having fully considered defense counsel's submission, and given the foregoing record, a further bail hearing would serve no purpose. The parties shall advise as to when another conference before this Court makes sense, given developments in the case before Judge Briccetti or otherwise.

Dated: April 6, 2020
     White Plains, New York

_____

CATHY SEIBEL, U.S.D.J.